IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DONALD E. JOHNSON and WENDY BLACK, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 111148C |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs' filed their Complaint on October 18, 2011, challenging Defendant's Notice of Proposed Adjustment and/or Distribution for the 2010 tax year. Plaintiffs requested "[the] $103 denied refund PLUS $242 expenses PLUS interest * * *." (Ptfs' Compl at 1) (emphasis in original.) Plaintiffs elaborated on their requested relief, stating in part, "we further request damages in the amount of $242 ($240 court fee and $2 postage) from Dept. of Revenue for our cost in bringing this action to the court pursuant to ORS 305.490(3) * * *." (Ptfs' Compl at 6.)

Defendant filed its Answer on December 15, 2011, agreeing to allow Plaintiffs a net additional Oregon state income tax refund in the amount of $103 for the 2010 tax year, but disagreeing that the "Magistrate division has the authority to award costs and disbursements. *Ellibee v. Department of Revenue*. * * *." (Def's Ans at 1) (emphasis in original.)

Plaintiffs filed a written response to Defendant's Answer on December 21, 2011, stating in part, "we maintain our position that Defendant is liable in this court for the reasonable filing costs incurred." (Ptfs' Response at 1.) A telephone case management conference was held on February 1, 2012.

/ / /

In support of their request, Plaintiffs cite ORS 20.120, stating that, "[w]hen the decision of an officer, tribunal, or court of inferior jurisdiction is brought before a court for review, such review shall, for all the purposes of costs or disbursements, be deemed an appeal to such court upon errors in law, and costs therein shall be allowed and recovered accordingly." (Ptfs' Response at 2.) Because the Magistrate Division of the Oregon Tax Court is not a court of review, ORS 20.120[1] is inapplicable in the present case, and Plaintiffs' request for an award of damages on this ground must be denied.

Plaintiffs also cite ORS 305.490(1) and (2), stating that, "both divisions of the tax court require a filing fee," and that by this statute, "the prevailing party is entitled to recover this fee, without regard to the division in which the filing was made." (Ptfs' Response at 2.) In their response, Plaintiffs also rely on *McKee v. Dept. of Rev*. TC 4620 (October 14, 2004) to assert that "the statutory responsibility of the department under ORS 305.490 to pay fee and expense awards is *absolute*." (*Id*.) (emphasis in original.) Plaintiffs' request for an award must be denied on these grounds as well because only the Regular Division of the Oregon Tax Court may award costs and disbursements under ORS 305.490. *See Ellibee v. Dept. of Rev.*, TC-MD No 020026D at 5-6 (May 8, 2003) (court's analysis that only the Regular Division was given authority to award attorney fees under ORS 305.490 likewise applies to costs and disbursements under ORS 305.490(3)).

Plaintiffs requested an award of damages equaling the filing fee and postage. Absent extraordinary circumstances, not present or alleged here, this court will not order an award of costs and disbursements. Accordingly, Plaintiffs' request must be denied. Now, therefore,

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

IT IS THE DECISION OF THIS COURT that Plaintiffs are entitled to a net additional state income tax refund for tax year 2010 of $103 plus statutory interest, if applicable.

IT IS FURTHER DECIDED that Plaintiffs' request an award of damages in the amount of $242 is denied.

Dated this ___ day of August 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on August 16, 2012. The Court filed and entered this document on August 16, 2012.*